UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x
In re:

Renee Tammaro,

                Debtor.
--------------------------------------------------------x

Case No. 8-23-72289-las

Chapter 13

HON. Louis A. Scarcella

## NOTICE OF MOTION

**PLEASE TAKE NOTICE,** that upon the annexed application of attorneys for SELENE FINANCE LP AS SERVICER FOR U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCF2 ACQUISITION TRUST (hereinafter "Movant"), the undersigned respectfully moves this Court for an order, pursuant to 11 U.S.C. § 362(d)(1) and (d)(2, terminating the automatic stay herein as to the lien interest of Movant in real property of the debtor commonly known as 94 GARDEN CITY, POINT LOOKOUT, New York 11569, and such other and further relief as to the Court may seem just and proper.

**PLEASE TAKE FURTHER NOTICE** that this motion shall be returnable on the 24th day of October, 2023 at 10:00 a.m. of that day, or as soon thereafter as counsel can be heard, before the Hon. Louis A. Scarcella at U.S. Bankruptcy Court, Eastern District of N.Y., Alfonse M. D'Amato Federal Courthouse, Courtroom 970, 290 Federal Plaza, Central Islip, New York 11722.

**PURSUANT TO BANKRUPTCY RULE 9014 AND LOCAL BANKRUPTCY RULE 9006-1(b), IF YOU INTEND TO OPPOSE THE MOTION, YOU MUST SERVE ON MOVANT'S COUNSEL AND FILE WITH THE CLERK OF THE BANKRUPTCY COURT, WRITTEN OPPOSITION TO THE MOTION SO AS TO ENSURE ACTUAL RECEIPT NOT LATER THAN SEVEN (7) DAYS BEFORE THE RETURN DATE.**

DATE: September 20, 2023
       Westbury, NY

                         ROBERTSON, ANSCHUTZ, SCHNEID, CRANE AND PARTNERS, PLLC
                         Attorney for Secured Creditor
                         900 Merchants Concourse, Suite 310
                         Westbury, NY 11590
                         Phone: (516) 280-7675
                         Fax: (516) 280-7674

                         By: /s/ Raquel Felix
                         Raquel Felix, Esq.
                         Email: raqfelix@raslg.com

TO:

Debtor
Renee Tammaro
94 Garden City Avenue
Point Lookout, NY 11569

Kenneth Halpern
Kenneth Halpern
1 Old Country Road
Ste 347
Carle Place, NY 11514
Trustee
Michael J. Macco

Michael J. Macco Trustee
2950 Express Dr S
Ste 109
Islandia, NY 11749

U.S. Trustee
United States Trustee
Long Island Federal Courthouse
560 Federal Plaza - Room 560
Central Islip, NY 11722-4437

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
CENTRAL ISLIP DIVISION
--------------------------------------------------------x
In re:

Renee Tammaro,

                    Debtor.
--------------------------------------------------------x

Case No. 8-23-72289-las

Chapter 13

HON. Louis A. Scarcella

# MOTION FOR RELIEF FROM AUTOMATIC STAY

TO:    THE HONORABLE LOUIS A. SCARCELLA
         UNITED STATES BANKRUPTCY JUDGE

Movant, Selene Finance LP AS SERVICER FOR U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCF2 ACQUISITION TRUST_(the "Movant"), by and through the undersigned counsel, hereby moves this Court, pursuant to 11 U.S.C. §§ 362(d)(1) and (d)(2), for a modification of the automatic stay provisions for cause, and, in support thereof, states the following:

    1.    Renee Tammaro (the "Debtor"), filed a voluntary petition pursuant to Chapter 13 of the United States Bankruptcy Code on June 27, 2023.

    2.    On May 20, 2008, Renee Tammaro executed and delivered a Promissory Note ("Note") and a Mortgage ("Mortgage") securing payment of the Note in the amount of $375,000.00 to CitiMortgage, Inc. The Mortgage, encumbering the real property located at 94 GARDEN CITY, POINT LOOKOUT, New York 11569 (the "Property"), was recorded on May 23, 2008 in Book M 33002 at Pages 24 to 42 of the Public Records of Nassau County, New York. Thereafter, the Note and Mortgage were transferred to Movant by an Assignment of Mortgage and properly endorsed Note. True and accurate copies of documents establishing a perfected security interest and ability to enforce the terms of the Note are attached hereto as Composite Exhibit "A."

The documents include copies of the Note with any required indorsements, Recorded Mortgage, Modification, Assignment(s) of Mortgage, and any other applicable documentation supporting the right to seek a lift of the automatic stay and foreclose, if necessary.

3. Selene Finance LP services the underlying mortgage loan and note for the property referenced in this Motion for U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCF2 ACQUISITION TRUST (hereinafter, "Noteholder") and is entitled to proceed accordingly. Should the Automatic Stay be lifted and/or set aside by Order of this Court or if this case is dismissed or if the Debtor obtains a discharge and a foreclosure action is commenced or recommenced, said foreclosure action will be conducted in the name of the noteholder. The Noteholder has the right to foreclose because Noteholder is the original mortgagee or beneficiary or assignee of the security instrument for the referenced loan. Noteholder directly or through an agent has possession of the Promissory Note and the Promissory Note is either made payable to Noteholder or has been duly endorsed.

4. The terms of the aforementioned Note and Mortgage have been in post-petition default, and remain in default. Debtor has failed to make the current monthly mortgage payments due to Movant under the terms of the modified Mortgage. According to Movant's Relief from Stay-Real Estate and Cooperative Apartments Worksheet ("Worksheet"), as of September 9, 2023, the Mortgage is due for the July 1, 2023 through the September 1, 2023 payments, each payment in the amount of $4,502.38, for a total of $13,507.14 due to Movant in missed payments. A true and accurate copy of the Worksheet and Movant's Affidavit is attached hereto as Exhibit "B."

5. That by failing to make mortgage payments, the Debtor has failed to provide Movant with adequate protection for its security, entitling Movant, its successors and/or assigns,

to relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1).

6. Based on the Debtor's Schedule A/B, the value of the Property is $850,000.00. A copy of the Debtor's Schedule A/B, which is a permissible property valuation under Fed. R. Evid. 803(8) is attached hereto as Exhibit "C." As per Movant's Worksheet, the total amount of Movant's secured lien, as of September 9, 2023, is $986,008.16. Therefore, as Movant's lien exceeds the value of the Property, the Property does not have any equity.

7. Based upon the Debtor's Chapter 13 (Docket No.5), the property is treated outside the plan and Secured Creditor will receive payments directly included within the plan.

8. Movant's security interest in the Property is being jeopardized by Debtor's failure to comply with the terms of the subject loan documents while Movant is prohibited from pursuing lawful remedies to protect such interest. Movant has no protection against the erosion of its Property position and no other form of adequate protection is provided.

9. If Secured Creditor is not permitted to enforce its security interest in the collateral or be provided with adequate protection, it will suffer irreparable injury, loss, and damage.

10. Secured Creditor respectfully requests the Court grant it relief from the Automatic Stay in this case pursuant to §362(d)(1) of the Bankruptcy Code, for cause, namely the lack of adequate protection to Secured Creditor for its interest in the above stated collateral. The value of the collateral is insufficient in and of itself to provide adequate protection which the Bankruptcy Code requires to be provided to the Secured Creditor. Secured Creditor additionally seeks relief from the Automatic Stay pursuant to §362(d)(2) of the Bankruptcy Code, as the collateral is unnecessary to an effective reorganization of the Debtor's assets.

11. If Movant is not permitted to enforce its security interest in the Property or be provided with adequate protection, it will suffer irreparable injury, loss, and damage.

12. The Trustee shall be notified of any surplus monies realized upon sale of the property in a foreclosure proceeding brought by Movant.

13. Movant requests approval of legal fees in amount of $1,050.00 and costs in the amount of $188.00 associated with this motion. Such fees and costs would not be collectable from the Debtor or chargeable to the Debtor's bankruptcy estate.

14. No previous application has been made for the relief request herein.

**WHEREFORE**, Movant, prays this Honorable Court enter an order modifying the automatic stay under 11 U.S.C. §§ 362(d)(1) and (d)(2), to permit Movant to take any and all steps necessary to exercise any and all rights it may have in the collateral described herein, to gain possession of said collateral, and for any such further relief as this Honorable Court deems just and appropriate.

DATE: September 20, 2023
      Westbury, NY

    ROBERTSON, ANSCHUTZ, SCHNEID, CRANE AND PARTNERS, PLLC
    Attorney for Secured Creditor
    900 Merchants Concourse, Suite 310
    Westbury, NY 11590
    Phone: (516) 280-7675
    Fax: (516) 280-7674

    By: /s/ Raquel Felix
    Raquel Felix, Esq.
    Email: raqfelix@raslg.com